LOBRANO, Judge
concurring in part and dissenting in part.
I concur in the result reached by the majority insofar as it affirms the lower court’s decision rejecting the claim of inter-venor for alleged decrease in value of the subject property. The majority reasons that intervenor was not allowed to present his claim for damages. I am of the opinion that that reasoning is incorrect, as there was evidence presented by intervenor on this issue. However, the trial court rejected this claim for two reasons. First it found that intervenor sustained no loss of value as a result of the cold joints, a finding which I cannot say is manifestly erroneous. And second, it found that inter-venor is barred from seeking recovery because he proceeded with construction “... knowing the presence of the cold joints might have an adverse effect on the value of the complex.” I agree with the first reason cited by the trial judge and therefore it is unnecessary to discuss the second.
However, I disagree with the majority in not awarding damages for the necessary remedial work done, and expenses incurred, as a result of the delayed delivery of the concrete. The court should have awarded damages for this claim to Bon Marche, Inc. on its reconventional demand.